# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLES NEST OUTFITTERS, INC.<br><br>Plaintiff(s)<br><br>v.<br><br>TAOMORE, INC., et al.<br><br>Defendant(s) | Case No. CV 23-466-GW-Ex<br><br>**CONSENT JUDGMENT AND INJUNCTION** |

THIS MATTER is before the Court on the Joint Motion for Entry of Consent Judgment and Injunction, under Rules 58 and 65 of the Federal Rules of Civil Procedure, filed by Plaintiff Eagles Nest Outfitters, Inc. ("Plaintiff") and Defendants Wecro, Inc. and Yubin He (the "Wecro Defendants"), for final adjudication of Plaintiff's Complaint as to the Wecro Defendants.[1] The Plaintiff and Wecro Defendants (hereinafter the "Parties") hereby consent and agree to the form and entry of this Consent Judgment and Injunction. Furthermore, the Parties expressly waive any and all deficiencies with respect to the requirements for Findings of Fact and Conclusions of Law and agree to be bound by this Consent Judgment, both at the trial court level and the appellant level.

Consistent with the Complaint, the Wecro Defendants' Answer, and with the consent of the parties, the Court makes the following Findings of Fact & Conclusions of Law:

1. Plaintiff is a North Carolina corporation with a principal place of business in Asheville, Buncombe County, North Carolina.

2. Plaintiff is engaged in the business of manufacturing and distributing outdoor gear and hammock products, including patented hammock straps sold under federally-registered trademarks.

3. Defendant Wecro, Inc. is a California corporation with a principal place of business in Pomona, Los Angeles County, California.

4. Defendant Yubin He is a citizen and resident of the People's Republic of China.

5. Defendant Yubin He is Defendant Wecro Inc.'s sole shareholder and president.

6. On September 16, 2022, Plaintiff commenced a civil action asserting

---

[1] Claims against Defendants Taomore, Inc. and Jie Zou remain pending and are not impacted by entry of this Consent Judgment as to the Wecro Defendants. Default was properly entered against Defendant Taomore, Inc. on April 5, 2024 (ECF 94).

federal and state law claims seeking to recover damages and injunctive relief against the Wecro Defendants (among others) on theories of trademark counterfeiting of Plaintiff's registered marks, unfair competitions, unfair and deceptive trade practices, and the infringement of five U.S. Patents. (See generally ECF 1).

7. The Wecro Defendants were served with process and filed an Answer in response to Plaintiff's Complaint denying the allegations. (See generally ECF 53).

8. To avoid protracted litigation, and the associated costs and commitment of time and resources, the Parties engaged in settlement negotiations.

9. As between the Parties, and in accordance with a confidential settlement agreement reached between them in this lawsuit, entry of this Consent Judgment and Injunction—along with the Wecro Defendants' compliance with the other terms of the Parties' settlement agreement—will resolve all issues raised by Plaintiff in its Complaint.

10. The Parties are in agreement that a permanent injunction should issue as part of this Consent Judgment and Injunction.

11. The Court has jurisdiction over the subject matter of this dispute and over the Parties.

12. This action is properly before the Court and venue is proper.

13. Good cause exists for entry of this Consent Judgment and Injunction, namely avoiding the continued expenditure of time and resources on protracted litigation.

14. Based upon the matters and things set forth in the entire court file, as well as the Parties' consent, the Court determines that entry of this Consent Judgment and Injunction, encompassing a Permanent Injunction set out below, is warranted.

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND WITH THE CONSENT OF THE PARTIES, IT HEREBY IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Wecro Defendants, their agents and any other person acting on their behalf from, are PERMANENTLY ENJOINED from violations of the Lanham and Patent Acts and state law as to Plaintiff's intellectual property to include its two federally registered trademarks and five patents. Specifically:

   a. the Wecro Defendants are PERMANENTLY ENJOINED from counterfeiting and infringing Plaintiff's trademarks (ECF 1-2, 1-3), engaging in any activity constituting unfair competition with ENO, and infringing ENO's patents (ECF 1-4, 1-5, 1-6, 1-7, 1-8);

   b. the Wecro Defendants are PERMANENTLY ENJOINED from importing, purchasing, distributing, selling, offering for sale, or otherwise using in commerce any counterfeit hammock strap product, or associated advertising, bearing the word mark "ENO" or the ENO design mark, or anything similar, and assisting, aiding, or abetting any other person or entity in importing, purchasing, distributing, selling, offering for sale, or otherwise using in commerce any counterfeit hammock strap product, or associated advertising, bearing the word mark "ENO" or ENO design mark, or anything similar; and

   c. the Wecro Defendants are PERMANENTLY ENJOINED from making, using, offering to sell, or selling any of ENO's patented inventions, including inducing the infringement by others of ENO's patented inventions.

2. With the signing of this Consent Judgment by the undersigned United States District Judge, this Consent Permanent Injunction shall become a decree of the Court on the date filed with the Clerk.

3. The Permanent Injunction is enforceable by the contempt powers of the Court should any party to this action not comply with its terms.

4. The Parties are bound by and subject to all the terms of this Order.

5. Except as provided in the Permanent Injunction, as between the Parties and in accordance with a confidential settlement agreement reached between them in this adversary proceeding, entry of this Consent Judgment and Injunction hereby resolves all issues raised in this action as to the Wecro Defendants.

6. All claims in Plaintiff's Verified Complaint are DISMISSED WITH PREJUDICE only as to the Wecro Defendants.

7. This Consent Judgment and Injunction shall act as a final judgment in this matter as to the Wecro Defendants.

IT IS SO ORDERED.

Dated: October 28, 2024    _____
HON. GEORGE H. WU,
United States District Judge

ND:4865-7661-1819, v. 1