# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLES NEST OUTFITTERS, INC. | Case No. CV 23-466-GW-Ex |
| Plaintiff(s) | |
| v. | **CONSENT JUDGMENT AND INJUNCTION** |
| TAOMORE, INC., et al. | |
| Defendant(s) | |

THIS MATTER is before the Court on the Joint Motion for Entry of Consent Judgment and Injunction, under Rules 58 and 65 of the Federal Rules of Civil Procedure, filed by Plaintiff Eagles Nest Outfitters, Inc. ("Plaintiff") and Defendant Jie Zou ("Mr. Zou"), for final adjudication of Plaintiff's Complaint as Mr. Zou. The Plaintiff and Mr. Zou (hereinafter the "Parties") hereby consent and agree to the form and entry of this Consent Judgment and Injunction. Furthermore, the Parties expressly waive any and all deficiencies with respect to the requirements for Findings of Fact and Conclusions of Law and agree to be bound by this Consent Judgment, both at the trial court level and the appellant level.

Consistent with the Complaint, Mr. Zou's Answer, and with the consent of the parties, the Court makes the following Findings of Fact & Conclusions of Law:

1. Plaintiff is a North Carolina corporation with a principal place of business in Asheville, Buncombe County, North Carolina.

2. Plaintiff is engaged in the business of manufacturing and distributing outdoor gear and hammock products, including patented hammock straps sold under federally-registered trademarks.

3. Mr. Zou is an individual who is a citizen and resident of Chino, California.

4. On September 16, 2022, Plaintiff commenced a civil action asserting federal and state law claims seeking to recover damages and injunctive relief against Mr. Zou (among others) on theories of trademark counterfeiting of Plaintiff's registered marks, unfair competitions, unfair and deceptive trade practices, and the infringement of five U.S. Patents. (See generally ECF 1).

5. Mr. Zou was served with process and filed an Answer in response to Plaintiff's Complaint denying the allegations. (See generally ECF 12).

6. To avoid protracted litigation, and the associated costs and commitment of time and resources, the Parties engaged in settlement negotiations.

7. As between the Parties, the entry of this Consent Judgment and Injunction will resolve all issues raised by Plaintiff in its Complaint.

8. The Parties are in agreement that a permanent injunction should issue as part of this Consent Judgment and Injunction.

9. The Court has jurisdiction over the subject matter of this dispute and over the Parties.

10. This action is properly before the Court and venue is proper.

11. Good cause exists for entry of this Consent Judgment and Injunction, namely avoiding the continued expenditure of time and resources on protracted litigation.

12. Based upon the matters and things set forth in the entire court file, as well as the Parties' consent, the Court determines that entry of this Consent Judgment and Injunction, encompassing a Permanent Injunction set out below, is warranted.

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND WITH THE CONSENT OF THE PARTIES, IT HEREBY IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Mr. Zou, his agents and any other person acting on his behalf, are PERMANENTLY ENJOINED from violations of the Lanham and Patent Acts and state law as to Plaintiff's intellectual property to include its two federally registered trademarks and five patents. Specifically:

    a. Mr. Zou is PERMANENTLY ENJOINED from counterfeiting and infringing Plaintiff's trademarks (ECF 1-2, 1-3), engaging in any activity constituting unfair competition with ENO, and infringing ENO's patents (ECF 1-4, 1-5, 1-6, 1-7, 1-8);

    b. Mr. Zou is PERMANENTLY ENJOINED from importing, purchasing, distributing, selling, offering for sale, or otherwise using in commerce any counterfeit hammock strap product, or associated

- 3 -
CONSENT JUDGMENT AND INJUNCTION

advertising, bearing the word mark "ENO" or the ENO design mark, or anything similar, and assisting, aiding, or abetting any other person or entity in importing, purchasing, distributing, selling, offering for sale, or otherwise using in commerce any counterfeit hammock strap product, or associated advertising, bearing the word mark "ENO" or ENO design mark, or anything similar; and

    c.    Mr. Zou is PERMANENTLY ENJOINED from making, using, offering to sell, or selling any of ENO's patented inventions, including inducing the infringement by others of ENO's patented inventions.

2. With the signing of this Consent Judgment by the undersigned United States District Judge, this Consent Permanent Injunction shall become a decree of the Court on the date filed with the Clerk.

3. The Permanent Injunction is enforceable by the contempt powers of the Court should any party to this action not comply with its terms.

4. The Parties are bound by and subject to all the terms of this Order.

5. Except as provided in the Permanent Injunction, as between the Parties, entry of this Consent Judgment and Injunction hereby resolves all issues raised in this action as to Mr. Zou.

6. All claims in Plaintiff's Verified Complaint are DISMISSED WITH PREJUDICE only as to Mr. Zou.

7. This Consent Judgment and Injunction shall act as a final judgment in this matter as to Mr. Zou.

IT IS SO ORDERED.

Dated: October 28, 2024

                                                  HON. GEORGE H. WU,
United States District Judge

ND:4868-5550-3849, v. 2